CITY OF NATCHEZ *v.* NATCHEZ SANATORIUM BENEV. ASS'N.

(In Banc.   June 9, 1941.)

[2 So. (2d) 798.   No. 34626.]

Gerard H. Brandon, of Natchez, for appellant.

L. C. Gwin, T. L. Bauer, and L. A. Whittington, all of Natchez, for appellee.

Argued orally by **Gerard Brandon**, for appellant, and by **L. C. Gwin**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

There is no substantial differentiation between this case and Board of Supervisors v. Jackson Hospital

Benevolent Ass'n, 180 Miss. 129, 177 So. 27, unless it can be found in the fact that in the latter case four of its beds were devoted to charity patients, while in the case now before us there is an issue of fact whether any particular beds or wards were separately set aside, designated, and maintained for the use of charity patients; and we must resolve that issue in favor of appellant in view of the fact that a peremptory instruction was granted against it by the trial judge.

It is, nevertheless, substantially undisputed that within the hospital one or more wards, or the equivalents thereof, were at all times available to charity patients, as well as the services of the staff physicians; that both in number and in point of time more than enough patients to satisfy the statutory requirements were received and treated without any preliminary inquiry whether they were or were not able to pay, and were continued to be cared for even though it was ascertained that they were unable to pay; that none were turned away or were turned out, and that nurses and other servitors in the hospital were not permitted to know who were pay patients or who were being cared for and treated without pay—an arrangement which would likely provide better attention to and accommodations for those who were in fact charity patients.

Under modern conditions, especially as respects serious personal injuries, now happening with more frequency than in the past, it is important in the public interest that persons so injured or taken suddenly and seriously ill shall be immediately treated and cared for at the nearest hospital which may be reached, and that this treatment and attention shall have no such delay or embarrassment as would be consequent upon inquiry or question first to be made whether the injured or ill person is able to pay or whether some other person will stand security therefor, and that a person thereafter found unable to pay shall not be turned out on that account; and it was for the furtherance of such a service that subparagraph (f), Sec.

3108, Code 1930, has found its way into our exemption statutes.

If and when a hospital furnishes the services in the manner set forth in the two paragraphs next foregoing, it will not be necessary to separately set aside, designate, and maintain for the sole or exclusive use of charity patients any particular ward or wards, so long as one or more wards or the equivalent thereof are either being actually used by, or else are always available to, charity patients, not from time to time but always; and provided all the income, after the payment of the debts upon its property and the betterment of the property, is used entirely for hospital purposes, and none of it for profit, the thought being that if profit making for the owners or stockholders as such were allowed, this would tend to diminish the facilities and services which otherwise would be made available to those unable to pay or to fully pay therefor, and thus would work to the detriment of the benevolent objects of the exemption statute.

The facts of this case when given a reasonable, as distinguished from a strained or technical, interpretation are sufficient to bring appellee within the requirements aforementioned, and, therefore, within the privileges of the cited exemption statute, from which it follows that the correct result was reached by the judgment of the circuit court.

Affirmed.